Filed 10/12/23  P. v. Kester CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ADAM MATTHEW KESTER,<br><br>        Defendant and Appellant. | A165981<br><br><br>(Mendocino County<br>Super. Ct. No. 22CR00958A) |

This is an appeal from final judgment after defendant Adam Kester pleaded no contest to second degree burglary and received a two-year middle term sentence.  On appeal, defendant contends the trial court erroneously sentenced him to the middle term without considering whether to impose the presumptive lower term under Penal Code section 1170, subdivision (b)(6), and that his counsel rendered ineffective assistance by failing to object.[1]  We conclude the court's sentence was proper and therefore affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 19, 2022, a complaint was filed charging defendant with one count of second degree burglary (§ 459).  The complaint further alleged

---

[1] Unless otherwise stated, all statutory citations herein are to the Penal Code.

defendant had two or more felony convictions within the meaning of section 1203, subdivision (e)(4).[2]

On June 22, 2022, defendant entered an open no contest plea to the burglary count with the condition that his sentence would not exceed two years. This plea arose from the following incident.[3] On April 15, 2022, defendant and a coparticipant ran out of gas near a Department of Forestry and Fire Protection fire station. They walked to the station and, finding no one around, entered the empty and unlocked building to look for help. The battalion chief, who was conducting a security check, found defendant and the coparticipant hiding behind a large cardboard box. The chief also found a red air hose that had been cut and a red gas can, which came from defendant's vehicle.

On July 19, 2022, the trial court sentenced defendant to the two-year middle term and awarded him 141 days of custody credits.[4] This timely appeal followed.

## DISCUSSION

On appeal, defendant challenges the trial court's imposition of a middle term sentence and his counsel's failure to object to it. The following principles apply.

### I. *Governing Legal Principles.*

"When a judgment of imprisonment is to be imposed and that statute specifies three possible terms, the court shall, in its sound discretion, order

---

[2] In a separate misdemeanor case, No. 22CR00575, defendant was charged with possession of methamphetamine. (Health & Saf. Code, § 11377, subd. (a).)

[3] These facts are from the probation report.

[4] In defendant's misdemeanor case, No. 22CR00575, the court imposed a concurrent 30-day term.

2

imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)." (§ 1170, subd. (b)(1).)

On October 8, 2021, Senate Bill No. 567 (2021–2022 Reg. Sess.) was signed into law, effective on January 1, 2022, about six months before defendant's sentencing hearing. (Stats. 2021, ch. 731, § 1.3.) Among other things, this bill amended section 1170, subdivision (b) to provide in relevant part that "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence." (§ 1170, subd. (b)(6)(A); accord, Cal. Rules of Court, rule 4.420(e).)

On appeal, we review a trial court's sentencing decision only for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) As such, we will reverse only if the defendant "clearly show[s] that the sentencing decision was irrational or arbitrary." (*People v. Carmony* (2004) 33 Cal.4th 367, 376–377.) " ' " 'In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' " [Citation.] To meet this burden, the defendant must "affirmatively demonstrate that the trial court misunderstood its sentencing discretion." ' [Citation.] ' "Defendants are entitled to sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that 'informed discretion' than one whose sentence is or

3

may have been based on misinformation regarding a material aspect of a defendant's record." ' (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 [citations].)" (*People v. Fredrickson* (2023) 90 Cal.App.5th 984, 988 (*Fredrickson*).)

## II.     *Application of the Law to the Facts.*

Defendant contends his two-year middle term sentence must be vacated and the matter remanded for resentencing because the trial court failed to understand, much less exercise, its discretion under section 1170, subdivision (b)(6)(A) to impose the lower term based on alleged psychological or childhood trauma he suffered due to his own and his mother's significant substance abuse history.  According to defendant, "the record reveals extensive poly-substance abuse beginning in his childhood, including three possible DSM-5[5] mental disorders, including Opioid Use Disorder, for which jail medical staff prescribed medication."

The People respond that defendant forfeited his challenge by failing to object before the trial court under the rule set forth in *People v. Scott* (1994) 9 Cal.4th 331 (*Scott*).  Alternatively, the People contend there was no abuse of discretion, as the record supports the court's imposition of the middle term sentence.  We conclude the People's forfeiture argument need not be considered because the unambiguous record on appeal establishes there is no basis for reversal.

### A.     Presentence Probation Report.

According to the presentence probation report filed on July 12, 2022, defendant "hop[ed] for a grant of probation, and residential substance abuse treatment" instead of prison.  Defendant recently contacted two residential treatment programs because "he [was] tired of struggling and [had] been

---

5 Diagnostic and Statistical Manual of Mental Disorders (5th ed. 2013).

4

'homeless' for the past seven years." He began consuming heavy alcohol at age 12 or 13 and was regularly consuming a half-gallon of whiskey and a 30-pack of beer before deciding to give up alcohol. However, he continued to smoke an ounce of marijuana daily, a habit that began at age 10.

Defendant's mother was a "chronic" methamphetamine user: "It has been a part of my life pretty much my entire childhood." Defendant first used methamphetamine at about age 18 and still used " 'a couple of grams per day,' " by smoking, snorting, and injecting it. He also tried cocaine and heroin but replaced heroin with fentanyl about a year ago because "it was the only thing that could get him off heroin." In June 2022, he overdosed on fentanyl but was revived after being given six doses of naloxone.

In response to the probation officer's question, defendant stated "he did not believe substance abuse was the motivation for his criminality." He also reported taking buprenorphine, a treatment for opioid dependence prescribed by jail medical staff. He was ready to enter a residential substance abuse treatment program because: "I don't want to be an addict."

Due to defendant's extensive criminal history, which included seven felonies, and his poor performance on parole and probation, the department recommended a denial of probation and imposition of a two-year middle term sentence.

### A.    The Sentencing Decision.

At the sentencing hearing, the trial court weighed the relevant factors on the record after hearing from both sides. In aggravation, the court considered defendant's lengthy history of criminal activity and poor performance on probation and parole, noting: "This is his 7th felony. . . . [H]e was just on probation last year, and initiating in 2019 he committed several misdemeanors while on formal supervision which ultimately ended in

a local prison—a straight local prison sentence with no mandatory supervision. [¶] He made it apparent he cannot or will not comply with probation." The court also considered defendant's request for residential substance abuse treatment, explaining: "I do embrace the idea of rehabilitation through mandatory supervision. And sometimes it really is giving people a shot at less time in custody, as it should be if they're willing to engage in treatment. [¶] However, the fact that he was just on probation really kind of weighs against that in the court's mind." Ultimately, the court found these various factors "waive each other out" and imposed the middle term.[6]

For reasons discussed *post*, we conclude there is no basis to disturb this decision, as defendant has not affirmatively demonstrated it was irrational or arbitrary. (*People v. Carmony, supra*, 33 Cal.4th at pp. 376–377; *Fredrickson, supra*, 90 Cal. App.5th at p. 988.)

As this court has previously explained, section 1170, subdivision (b)(6), by its plain language, does not mandate a presumption in favor of the lower term in every case in which the defendant experienced some form of trauma, was under age 26 at the time the crime was committed, or was the victim of intimate partner violence or human trafficking prior to or at the time the crime was committed. Rather, the presumption applies only if one of these conditions was "a contributing factor in the commission of the offense." (§ 1170, subd. (b)(6)(A)–(C); see *Fredrickson, supra*, 90 Cal.App.5th at p. 991 [discussing § 1170, subd. (b)(6)(B)].) Thus, "in order to trigger the presumption, there must be some initial showing that the defendant's [trauma] was a contributing factor, and only then must the record

---

[6] The court denied defense counsel's request to split his time between prison and mandatory supervision.

affirmatively show compliance with the statute." (*Fredrickson, supra*, at p. 992.)

Consistent with this principle, our Third Appellate District colleagues recently explained under somewhat comparable circumstances that "[s]ection 1170, subdivision (b)(6) does not require the court to impose the lower term because of defendant's mental illness, *but for psychological trauma.* While at least one court has concluded 'psychological trauma based on mental illness may be a circumstance qualifying for the lower term presumption in section 1170, subdivision (b)(6),' that court also emphasized that mental illness *alone* did not qualify for the lower term presumption. (*People v. Banner* (2022) 77 Cal.App.5th 226, 241 [292 Cal.Rptr.3d 574] ['Psychological trauma must attend the illness, and *that* trauma must contribute to the crime under section 1170, subdivision (b)(6)'].)" (*People v. Tilley* (2023) 92 Cal.App.5th 772, 777–778, 1st italics added.) Thus, assuming for the sake of argument defendant is correct that a mental disorder stemming from a defendant's sustained substance abuse may cause psychological trauma, that trauma, in order to trigger the presumptive lower term under this provision, must have contributed to the defendant's crime.

Here, there is evidence of defendant's longtime substance abuse and a brief reference to his mother's chronic methamphetamine use. However, there is no indication in the record that defendant experienced psychological trauma based on his substance abuse or that such trauma contributed to his crime. (*People v. Tilley, supra*, 92 Cal.App.5th at pp. 777–778; *People v. Banner* (2022) 77 Cal.App.5th 226, 241.) On the contrary, defendant reported to the probation officer that he did not believe substance abuse motivated his criminality. And, by his own admission, defendant committed this crime because he needed fuel for his car, *not* because of his substance abuse.

7

Thus, in the absence of an initial showing that defendant suffered psychological trauma based on his or his mother's longtime substance abuse and that this trauma contributed to his crime, the trial court was not required to make an express finding regarding the section 1170, subdivision (b)(6) presumption.

For similar reasons, we also reject defendant's contention that his counsel rendered ineffective assistance by failing to object to his middle term sentence based on this presumption.

"To prevail on this claim, defendant must show, among other things, that his 'counsel's performance was deficient, in that it fell below an objective standard of reasonableness under prevailing professional norms.' [Citation.] In evaluating his claim, we 'defer[] to counsel's reasonable tactical decisions' and presume that 'counsel acted within the wide range of reasonable professional assistance.' [Citation.] Thus, defendant ' "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " ' [Citations.] His burden in this regard 'is difficult to carry' in this case, because this is a direct appeal and the record does not disclose the reason for counsel's failure to object. [Citation.] For those reasons, we may reverse 'only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation.' " (*People v. Arrendondo* (2019) 8 Cal.5th 694, 711.)

Defendant cannot meet this high standard on direct appeal. As stated *ante*, defendant denied to his probation officer that substance abuse motivated his criminality. Moreover, he admitted committing this crime because he needed fuel for his car and not because of any substance abuse

8

disorder. These facts suggest there indeed was a rational tactical purpose behind counsel's failure to ask the court to impose the presumptive lower term under section 1170, subdivision (b)(6). (*People v. Kendrick* (2014) 226 Cal.App.4th 769, 780 [" '[D]efense counsel is not required to make futile motions or to indulge in idle acts to appear competent.' "].) Accordingly, his counsel's performance provides no basis for reversal.

## DISPOSITION

The judgment is affirmed.

Jackson, P. J.

WE CONCUR:

Simons, J.
Burns, J.

A165981/*People v. Adam Matthew Kester*

9